IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
KYLE YAROSIUS : CASE NO. 5:08 CR 099
 : 5:09 CV 2783
 Petitioner :
 : MEMORANDUM OF OPINION AND
 -vs- : ORDER GRANTING PETITIONER'S
 : 28 U.S.C. § 2255 MOTION AS TO
 : THE QUESTION OF DOUBLE
UNITED STATES OF AMERICA : JEOPARDY ON COUNTS ONE AND
 : THREE OF THE INDICTMENT
 Respondent :
------------------------------------------------------ :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    After denying Mr. Yarosius relief on part (b) and (c) of his ineffective assistance claim (Ground One) under 28 U.S.C. § 2255, this Court requested further briefing on the issues presented by Mr. Yarosious' Multiplicity Claim (Ground One part (a)) and his double jeopardy claim (Ground Two). (Doc. 34). With the parties' briefing placed before the Court (Docs. 38, 40) the issues are now ripe for determination.

    For the reasons discussed below, the Court will grant Ground Two of Mr. Yarosius' § 2255 motion finding a violation of the Double Jeopardy Clause and will vacate the convictions and sentences on Counts One and Three of the Indictment, leaving in place Mr. Yarosius' conviction on Count Two with its concomitant sentence of 120 months incarceration and 10 year period of supervised release.

## I. BACKGROUND

**A.  Indictment and Pre-Trial Proceedings**

On 27 February 2008, Mr. Yarosius was charged in a three-count Indictment. (Doc. 1: 5:08 CR 99).  In Count One, the Petitioner was charged with receipt and distribution of visual depictions of real minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §2252(a)(2).[1]  In Count Two, the Petitioner was charged with knowingly receiving and distributing child pornography that had been transported in interstate commerce by computer, in violation of 18 U.S.C. §2252A(a)(2)(A).[2]  In Count

---

[1](a) Any person who--
>    (2) knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if--
>
>> (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
>>
>> (B) such visual depiction is of such conduct;

18 U.S.C. 2552(a)(2)

[2](a) Any person who--

> (2) knowingly receives or distributes--
>
>> (A) any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or

18 U.S.C. 2252A(a)(2)(A)

2

Three, Mr. Yarosius was charged with knowingly possessing child pornography on two computers, in violation of 18 U.S.C. §2252A(a)(5)(B).[3]

The Indictment reads as follows:

### COUNT 1

From on or about October 18, 2006, through on or about September 11, 2007, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendant, KYLE YAROSIUS, did knowingly receive and distribute in interstate and foreign commerce, by computer, numerous computer video files, which files contained visual depictions of real minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), which computer image and video files were shipped and transported in interstate and foreign commerce, by computer.
All in violation of Title 18, United States Code, Section 2252(a)(2).

### COUNT 2

From on or about October 18, 2006, through on or about September 11, 2007, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendant, KYLE YAROSIUS, did knowingly receive and distribute child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported in interstate and foreign commerce, by computer.
All in violation of Title 18, United States Code, Section 2252A(a)(2)(A).

### COUNT 3

On or about September 11, 2007, in the Northern District of Ohio, Eastern Division, the defendant, KYLE YAROSIUS, did knowingly possess

---

[3](a) Any person who--
    (5) either--
    (B) knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

18 U.S.C. 2252A(a)(5)(B).

> two computers that contained child pornography, as defined in Title 18, United States Code, Section 2256(8), which had been shipped and transported in interstate and foreign commerce by any means including by computer, and which was produced using materials which had been shipped and transported, by any means including by computer.
> All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

Pursuant to a written Plea Agreement, on 17 September 2008, Mr. Yarosius pled guilty to each count in the Indictment.  (Doc. 13).

At his 2 December 2008 sentencing hearing, the Petitioner faced statutory provisions calling for a mandatory minimum sentence of 5 years to a maximum of 20 years imprisonment on Counts One and Two, and a maximum of 10 years imprisonment on Count Three.  See 18 U.S.C. §§2252(a)(2), 2252A(a)(2) & 2252A(a)(5)(B).  According to the advisory Sentencing Guidelines, Mr. Yarosius faced a sentence of 168 to 210 months imprisonment on Counts One and Two, and 120 months on Count Three (total offense level of 34 with a criminal history category II).  The Petitioner's retained counsel, Jeffrey Haupt, placed before the Court a brief advocating for a sentencing variance for Mr. Yarosius, pursuant to the terms of U.S.S.G. § 5K2.0 and 18 U.S.C. § 3553(a).  (Doc. 16, Sentencing Memorandum).

Reviewing the record and taking into consideration the factors laid down in 18 U.S.C. § 3553(a), the Court granted Mr. Yarosius a four-level downward variance from the advisory guideline sentencing range, to which the government objected. (Sentencing Transcript, 60).  Accordingly, the Court sentenced the Petitioner to 120 months incarceration on each count in the Indictment, with each count to run concurrently.  The Court also sentenced Mr. Yarosius to 10 years of supervised release

on each count in the Indictment to run concurrently.  Mr. Yarosius was assessed a $300.00 fine, or $100.00 for each count in the Indictment.

### B. Mr. Yarosius' 2255 Motion

In his pro se petition, Mr. Yarosius asserts two grounds for relief: ineffective assistance of counsel, and violation of the Fifth Amendment clause guarding against double jeopardy.  (Doc. 19).  In its prior Order, this Court denied Mr. Yarosius' claims in Ground One that he did not receive effective assistance because his counsel: "(b) fail[ed] to raise an objection to Special Conditions #6, #9, #12, and #16 and argue (and, if necessary, pursue on appeal) that each is over-broad and involves a greater deprivation of liberty than is reasonably necessary; and, (c) fail[ed] to properly consult with, or provid[ed] professionally unreasonable advice to, Yarosius about filing and pursuing a direct appeal."  (Doc. 34).

The Court held in abeyance, pending further briefing, the issues raised by Mr. Yarosius in Ground One part (a) and in Ground Two for relief.  In part (a) of Ground One the Petitioner maintains his counsel "fail[ed] to advise [him] of, or raise an objection to, the multiplicity of Counts One, Two, and Three of the Indictment before Yarosius pleaded guilty to each of those offenses" (Doc. 19, p. 5).  In his second ground for relief, Mr. Yarosius asserts a Fifth Amendment violation, maintaining he "has been punished twice for the same offense in violation of the Fifth Amendment's Double Jeopardy Clause because, (a) Count One and Count Two of the Indictment are the "same offense", and, (b) Count Three of the Indictment is the "same offense" as either Count One or Count Two."

## II. LAW AND ARGUMENT

**A.     Standard of Review – 28 U.S.C. § 2255**

This Court must vacate and set aside the sentence if it finds "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, ...." 28 U.S.C. § 2255.

To warrant relief under 28 U.S.C. § 2255 due to constitutional error, the error must be of constitutional magnitude and have had a substantial and injurious effect or influence on the proceedings. Reed v. Farley, 512 U.S. 339, 353 (1994); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. Williams v. United States, 582 F.2d 1039, 1041 (6th Cir.), cert. denied, 439 U.S. 988 (1978). To warrant relief due to an error not of constitutional magnitude, there must be a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of due process. Reed, 512 U.S. at 354; Grant v. United States, 72 F.3d 503, 506 (6th Cir.), cert. denied, 517 U.S. 1200 (1996).

"It is a 'well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.' " Fair v. United States, 157 F.3d 427, 430 (6th Cir. 1998) (quoting United States v. Frady, 456 U.S. 152, 166 (1982)). A defendant must show a "fundamental defect" in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error which

6

violates due process in order to prevail under 28 U.S.C. § 2255.  Fair, 157 F.3d at 430; see also Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994).

Under 28 U.S.C. § 2255, a "prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence."  In order to prevail upon a Section 2255 motion, the petitioner must allege as a basis for relief: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir. 2003).  In this case, Mr. Yarosius' grounds for relief are predicated on alleged constitutional errors.  To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings.  United States v. Watson, 165 F.3d 486, 488 (6th Cir. 1999).

**B.  Issue of Double Jeopardy**

The Court will address Mr. Yarosius' challenge by considering the claim that his sentence was subject to double jeopardy in violation of the Fifth Amendment.  The Double Jeopardy Clause in the United States Constitution prohibits placing any person twice "in jeopardy of life or limb" for the same offense.  U.S. Const. amend. V.  However, while a defendant cannot be punished for the same offense twice, "a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause."  United States v. DeCarlo, 434 F.3d 447, 454 (6th Cir. 2006).  When Congress has authorized multiple punishments arising out of a single act, the Double

7

Jeopardy Clause merely prevents "the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983). If the legislative history does not clearly reveal whether the legislature intended that multiple punishments be imposed for the same conduct, the court applies the presumption that multiple convictions contravene legislative intent. Id. at 366–67, 103 S.Ct. 673. As such, when two statutes criminalize the same offense, absent a clear indication that multiple punishments were contemplated by Congress, the Double Jeopardy Clause shields a defendant from conviction and sentencing under both provisions. The decision in Blockburger v. United States, 284 U.S. 299 (1932), enunciated the applicable test: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id. at 304, 52 S.Ct. 180. Thus, this Court must identify the proof necessary to establish the statutory elements of each offense. Illinois v. Vitale, 447 U.S. 410, 416 (1980).

**C. Count Three is a Lesser Included Offense of Count Two**

In a series of recent decisions – United States v. Ehle, 640 F.3d 689, 698 (6th Cir. 2011), United States v. Dudeck, 657 F.3d 424, 428-29 (6th Cir. 2011), and United States v. Hutchinson, 2012 WL 284466, *4 -*6 (6th Cir. 1 February 2012) – involving situations strikingly similar to the instant matter, the Sixth Circuit has addressed in the affirmative the question of whether possession under § 2252A(a)(5)(B) is a lesser-included offense of receipt under § 2252A(a)(2)(A) for the same pornographic materials. As the Court

8

observed in Hutchinson, a case on all fours with the instant matter, "[f]or both receipt and possession convictions to stand, the indictment must contain the conduct necessary to sustain the two separate offenses." Hutchinson at *4.  The allegations as to Counts Two and Three in the Indictment against Mr. Yarosius are supported by the same conduct and the presentence report confirms this understanding.  As found in Hutchinson, "[t]his overlapping conduct forms the foundation of both Counts Two and Three, which offends the Double Jeopardy Clause." Id.  Nothing in the brief in opposition settles this matter otherwise.

Accordingly, because the conviction for the lesser-included offense should be vacated, see United States v. DeCarlo, 434 F.3d at 457, the Court will vacate Mr. Yarosius' conviction and sentence for Count Three, Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

### D.  Count One is a Lesser-Included Offense of Count Two

As the Circuit Court observed in Dudeck and Hutchinson, Petitioner's convictions for both Count One under 18 U.S.C. § 2252(a)(2) and Count Two under 18 U.S.C. § 2252A(a)(2) implicate the Double Jeopardy Clause where, as here, the convictions under Counts One and Two are based on images of "real" child pornography.  See Dudeck, 657 F.3d at 431; Hutchinson at *5.  Section 2252(a)(2) (Count One) proscribes receiving "real" child pornography, images of minors actually engaged in sexually explicit conduct.  Section 2252A(a)(2) was enacted later and proscribes both "real" child pornography and "virtual" child pornography that involves "digitally created or altered images of minors made to look like they are engaged in sex acts." Hutchinson at *5. In

9

a question involving these two statutes and the Double Jeopardy Clause, the Sixth Circuit has recognized "[t]here will be a double jeopardy violation if the same images of "real" child pornography formed the basis of both Counts One and Two – rendering Count One a lesser-included offense of Count Two."  Hutchinson at *5; Dudeck, 657 F.3d at 431.

In this instance, all references to the images in question proscribed by the statutes § 2252(a)(2) and § 2252A(a)(2) are qualified as depicting "real" minors. (Pre-Sentence Investigation Report Offense Conduct, ¶¶ 7-9; Doc. 1, Indictment).  As such, the record supports a finding by this Court that Mr. Yarosius' conviction under Count Two rested on the same images of "real" child pornography forming the basis of Count One.  As Count One of the Indictment is a lesser-included offense of Count Two, this Court will vacate Mr. Yarosius' conviction and sentence as to Count One as offending the Double Jeopardy Clause.

**E.     Effect of Vacating Conviction and Sentence on Counts One and Three**

Mr. Yarosius' prison sentences and supervised release periods were run concurrently.  (Doc. 18).  After incorporating a four-level downward variance, the Court sentenced the Petitioner to 120 months incarceration on each count in the Indictment, with each count to run concurrently.  The Court also sentenced Mr. Yarosius to 10 years of supervised release on each count in the Indictment to run concurrently.  Mr. Yarosius was further assessed a $300.00 fine, or $100.00 for each count in the Indictment.  Thus, as a practical matter, the single difference to Mr. Yarosius in vacating the convictions and sentences attached to Counts One and Three of the Indictment is the reduction in

the special assessment from $300.00 to $100.00.  However, as the Court in Hutchinson observed, "this special assessment is enough to affect his [Hutchinson's] substantial rights."  Hutchinson at *5 (citing United States v. Ware, 282 F.3d 902, 906 (6th cir. 2002).

### III.  CONCLUSION

The Court grants Mr. Yarosius' § 2255 motion to vacate Count One and Count Three of the Indictment as offending the Double Jeopardy Clause.  (Ground Two of Petitioner's § 2255 motion).  Having decided the issue on Ground Two of the habeas motion, the Court need not reach the collateral issue of ineffective assistance of counsel as to the multiplicity of the claims. (Ground One(a) of Petitioner's § 2255 motion).

The Court, hereby, vacates the convictions and sentences in Counts One and Three of the Indictment and reduces Petitioner's assessment to $100.00.  Mr. Yarosius' conviction and sentence on Count Two of the Indictment remain in full force and effect.

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 14 February 2012